UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN P. HARRINGTON,

    Plaintiff,                         Case No. 10-11946

v.

                                    Hon. John Corbett O'Meara

CITY OF DETROIT, *et al.,*

    Defendants.
    _____/

## ORDER REGARDING MOTIONS IN LIMINE

    Before the court are ten motions in limine, filed by Defendants on August 16, 2011. Defendants requested a ruling on five of them prior to the start of trial. Plaintiff submitted a combined response to these motions on September 12, 2011. The court did not hear oral argument.

## BACKGROUND FACTS

    This is a § 1983 action in which Plaintiff Sean Harrington alleges that he was arrested without probable cause. Harrington owns the Town Pump Tavern, which is in the Park Avenue House in downtown Detroit. On the morning of November 2, 2009, Harrington confronted Aric Walden about stealing food from the kitchen for the Town Pump. Harrington alleges that Walden became agitated and wielded a large knife in a menacing fashion toward Harrington. Although Harrington contends that there was no physical contact between the men, Walden called 911 and accused Harrington of assault.

    Detroit police officers Mario Neal and Clifton Whatley arrived at the scene and spoke to Walden. They did not speak to Harrington, but placed him under arrest for allegedly assaulting

Walden. While in handcuffs, Harrington told the officers that a tape from the premises' video surveillance system would demonstrate that Walden was lying. The officers told Harrington that they "didn't care" about the video. Harrington's wife, who was present, also advised the officers that the entire interaction between Harrington and Walden was captured on video and that Harrington did not assault Walden. The officers said it was not their responsibility to review the video and that it would be left for a detective.

Harrington was held in police custody from approximately 10:30 a.m. on November 2, 2009, until his release at approximately 2:00 p.m. on November 3, 2009. Harrington's case was investigated by Investigator Evans, who allegedly ignored the video, although she was provided with a copy. Harrington was charged with assault. The charges were dismissed on February 8, 2010, because there was no evidence of assault on the surveillance video.

## LAW AND ANALYSIS

**1.  Personnel and Disciplinary History**

Defendants seek to exclude any evidence of any prior misconduct by or discipline of Officers Neal and Whatley. Plaintiff contends that Whatley, who filed the arrest report here, has a history of lying to his superiors. In 2010, Whatley staged the theft of his personal vehicle and lied about it. In 2002, Whatley pointed a weapon at a citizen without justification. He also "attempted to take police action" in a personal controversy by attempting to investigate an assault complaint made to him by his mother against his cousin.

As for Neal, his file reveals that he was disciplined for insubordination when he told his commander, "I'm tired of this shit." He was also disciplined for failing to return the prisoner van keys and lying about it, and for disobeying a direct order.

Plaintiff contends that these personnel records are admissible as "evidence of their character" pursuant to Fed. R. Evid. 608(a), which provides that the "credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness . . . ." However, Rule 608(b) provides that "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . <u>may not be proved by extrinsic evidence</u>. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness. . . ." <u>Id.</u> (emphasis added).

Pursuant to Rule 608(b), the personnel records themselves are not admissible to attack the officers' character or credibility. Plaintiff may question the officers on cross-examination about any previous instances of lying. However, the officers were also disciplined for misconduct that did not involve lying; these instances of discipline are not admissible under Rule 608. The court will grant in part and deny in part Defendants' motion on this issue.

**2.     Consent Judgment**

Defendants seek to bar evidence regarding the consent judgment entered into between the City of Detroit and the United States Department of Justice in <u>United States v. City of Detroit</u>, No. 03-72258. Plaintiff does not intend to offer such evidence, which Defendants would know if they had sought concurrence in their motions under the Local Rules. Accordingly, the court will deny Defendants' motion without prejudice.

**3.     Media Reports**

Defendants seek to preclude evidence of any media reports of police misconduct or

"current news events involving the City of Detroit, the City of Detroit Law Department and/or the Mayor." Again, Plaintiff does not intend offer evidence media reports of police misconduct or the City generally. Plaintiff does intend to reference media coverage of his own arrest. He testified that he was the subject of jokes by patrons and friends as a result of the fact that his arrest was in the newspaper, which caused him "humiliation and embarrassment." The City has not identified how this evidence would be inadmissible. Accordingly, the court will deny the motion.

**4.     Dismissal of Charges by Wayne County Prosecutor**

Defendants want to bar evidence of the dismissal of the charges against Harrington by the Wayne County Prosecutor's office. Defendants contend that this evidence is not relevant to whether the officers had probable cause to arrest Harrington and is more prejudicial than probative under Fed. R. Evid. 403. Plaintiff argues that the charges were dismissed after the prosecutor viewed the video surveillance footage that the defendant officers ignored. Certainly, in a general sense, the fact that the charges were dismissed does not defeat a finding of probable cause. Plaintiff's argument is a bit more nuanced: a prosecutor reviewing the same evidence available to Defendants at the time of the arrest and investigation concluded that the charges were unsupported. Although the court recognizes the potential for jury confusion, it is possible that it could be cured by an instruction. These issues are best evaluated as the evidence is presented in the context of the trial; accordingly, the court will deny Defendants' motion on this point without prejudice.

**5.     Duty to Investigate**

Defendants contend that Plaintiff should not be permitted to claim that Defendants failed

to investigate his claims of innocence. Defendants assert that, once they had probable cause, they were under no obligation to investigate Plaintiff's claims of innocence and had no obligation to review the video, which they term "inconclusive." Defendants motion in this regard is essentially a motion for summary judgment. Defendants failed to file a timely motion for summary judgment in this case and will not be permitted to do so now.

In any event, Plaintiff's claims of innocence and the video are relevant to the officers' probable cause determination and are admissible. See Parsons v. City of Pontiac, 533 F.3d 492, 500 (6th Cir. 2008). "A police officer has probable cause only when he discovers *reasonably reliable information* that the suspect has committed a crime. Furthermore, in obtaining such reliable information, an officer cannot look only at the evidence of guilt while ignoring all exculpatory evidence. Rather, the officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest." Id. (emphasis in the original; internal quotation marks and citations omitted). The court will deny this motion.

**6.     Remaining Five Motions**

Defendants have filed five additional motions in limine, to which Plaintiff has not yet responded. The court will deny them without prejudice at this time; Defendants may raise the issues at trial.

**ORDER**

IT IS HEREBY ORDERED that Defendants' motion in limine regarding personnel and disciplinary history (Docket No. 29) is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Defendants' remaining motions in limine (Docket Nos. 30 through 38) are DENIED WITHOUT PREJUDICE.

          s/John Corbett O'Meara
          United States District Judge

Date: September 19, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 19, 2011, using the ECF system.

          s/William Barkholz
          Case Manager